UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN MERO<br>1057 St. Paul Avenue<br>Windsor, ON  N854V3S<br><br>    Plaintiff<br><br>v.<br><br>CITY SEGWAY TOURS OF WASHINGTON DC, LLC<br>624 9th Street, NW<br>Washington, DC  20001<br><br>    and<br><br>CITY SEGWAY TOURS<br>3600 Bee Caves Road, Suite 200<br>Austin, TX  78746<br><br>    Defendants | Civil Action No. |

## NOTICE OF REMOVAL

Defendants City Segway Tours of Washington DC, LLC and City Segway Tours, by and through their undersigned counsel, hereby file this Notice of Removal of the above-captioned action to the United States District Court for the District of Columbia from the Superior Court for the District of Columbia, pursuant to 28 U.S.C. §1441, *et seq.*, and in support thereof state as follows:

    1.    On or about April 11, 2011, Plaintiff filed a Complaint against Defendants in the Superior Court for the District of Columbia.  A copy of the Complaint and Summons is attached hereto as Exhibit A.

    2.    Defendant City Segway Tours of Washington DC, LLC was served with process of Plaintiff's Complaint on April 11, 2011.  As such, the instant Notice of Removal is being filed within the thirty-day time period prescribed by 28 U.S.C. §1446(b).

3. In the Complaint, Plaintiff asserted the following counts: (1) Negligence; (2) Breach of Contract; and (3) Misrepresentations.

## GROUNDS FOR REMOVAL BASED UPON DIVERSITY JURISDICTION

4. This Court's jurisdiction to hear Plaintiff's claims exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. §1332(a).

5. Pursuant to 28 U.S.C. §1441(a), this Court has removal jurisdiction based upon diversity of citizenship in cases where it would have had original jurisdiction based upon diversity of citizenship, subject to the following limitations:

   a. Removal jurisdiction predicated upon diversity of citizenship is subject to the limitation that none of the defendants may be a citizen of the state in which the action is brought. 28 U.S.C. §1441(b); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 53-84 (2005).

   b. Additionally, diversity of citizenship must exist at the time that the original action was filed, as well as at the time that the Notice of Removal is filed. Kieffer v. Travelers Fire Ins. Co., 167 F Supp. 398, 401 (D.Md. 1958) (citing Gibson v. Bruce, 108 U.S. 561 (1883)).

   c. Finally, all defendants must consent to the removal. Chicago R.I. & P.R. Co. v. Martin, 178 U.S. 245, 248 (1900).

### Facts in Support of Removal

6. As set forth in Plaintiff's Complaint, his home address is 1057 St. Paul Avenue, Windsor, Ontario, Canada. Thus, Plaintiff was a citizen of Ontario, Canada at the time of the filing of the Complaint and is currently a citizen of Ontario, Canada.

7. Defendant City Segway Tours is not a viable legal entity. Exhibit B, Affidavit of Tyler Renaudin at ¶ 4. City Segway Tours is a general terms that encompasses City Segway Tours, LL, City Segway Tours of Atlanta, LLC, City Segway Tours of Chicago, LLC and City Segway Tours of San Francisco, LLC. Id.

8. Defendant City Segway Tours of Washington DC, LLC was organized under the laws of Delaware in 2004. Id. at ¶ 3.

9. Defendant City Segway Tours of Washington DC, LLC, along with all of the other City Segway Tours companies, maintains its headquarters at 3600 Bee Caves Road, Suite 200, Austin, Texas 78746. From 2007 to 2010, the companies were headquarted at 3210 Riva Ridge Road, Austin, Texas 78746 and from 2004 to 2007 were headquarted at 2801 Post Oak Boulevard, Suite 400, Houston, Texas 77056. Id. at ¶ 5.

10. As the high level officers of City Segway Tours of Washington DC, LLC, and the other City Segway Tours companies, direct, control and coordinate the companies' activities from the headquarters in Texas, pursuant to 28 U.S.C. §1332(c)(1), Defendant City Segway Tours of Washington DC, LLC, as well as the other City Segway Tours companies, are currently, and were at the time of the filing of the Complaint, a citizens of the state of Delaware and the state of Texas. Id. at ¶ 9; see The Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (2010).

9. As set forth in Plaintiffs' Complaint, the amount in controversy, without interest and costs, is $1,000,000, and, as such, exceeds the sum or value of $75,000, which is the amount specified by 28 U.S.C. §1332(a).

10. Defendants City Segway Tours of Washington DC, LLC and City Segway Tours consent to the removal of the instant case from the Superior Court for the District of Columbia to this Court.

11.     Defendants are not citizens of the District of Columbia, nor were they citizens of the District of Columbia at the time of the filing of the Complaint.

12.     Plaintiff is a citizen of Ontario, Canada; Defendants are a citizens of Delaware and Texas.  As such, complete diversity of citizenship currently exists between the parties and complete diversity of citizenship existed between the parties at the time that the original action was filed.  Moreover, the Defendants consent to removal and are not citizens of the District of Columbia, the state where the action was brought.

13.     Accordingly, this Court has original jurisdiction, pursuant to 28 U.S.C. §1332(a), and the action is removable from the Superior Court for the District of Columbia, pursuant to 28 U.S.C. §1441.

## PROCEDURAL COMPLIANCE

14.     Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon the Defendant are filed with this Notice, and are attached as Exhibit A.

15.     As required by 28 U.S.C. §1446(d), Defendant has given written Notice to Plaintiff of the filing of this Notice of Removal, has filed a copy of the Notice of Removal with the Superior Court for the District of Columbia; additionally, simultaneously herewith, Defendant is filing, with this Court, a Certification of Filing of Notice of Removal in State Court.

16.     Pursuant to Rule 7.1 of the Rules of the United States District Court for the District of Columbia, simultaneously herewith, Defendant is filing, with this Court, a Disclosure of Affiliations and Financial Interests.

17.     Pursuant to Rule 81(c)(2) of the Federal Rules of Civil Procedure, Defendant will file its Answer to Plaintiff's Complaint within seven days of this filing.

WHEREFORE, Defendants request that this action be removed to this Court from the Superior Court for the District of Columbia and that it proceed in this Court as an action properly removed.

Date: May 2, 2011

                        Respectfully submitted,

                        *[signature]*
                        Allison G. Clary[*]
                        D.C. Bar Number 983320
                        ECCLESTON AND WOLF, P.C.
                        Baltimore-Washington Law Center
                        7240 Parkway Drive, 4th Floor
                        Hanover, Maryland 21076-1378
                        (410) 752-7474
                        clary@ewva.com
                        *Attorneys for Defendants*

---

[*] Admitted in the District of Columbia and Virginia. Not admitted in Maryland

- 6 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of May, 2011 a copy of the foregoing Notice of Removal was mailed first class, postage prepaid, to:

> Eugene I. Kane, Jr., Esquire
> Law Offices of Eugene I. Kane, Jr.
> 6701 Democracy Blvd. #300
> Bethesda, Maryland 20817
> *Attorneys for Plaintiff*

_____
Allison G. Clary