IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

NORMAN MERO
1057 ST PAUL AVE
WINDSOR, ON N8S4V3S

        Plaintiff,

vs.

CITY SEGWAY TOURS of
WASHINGTON DC, LLC
624 9TH STREET, N.W.
WASHINGTON, DC 20001

AND

CITY SEGWAY TOURS
3600 BEE CAVES ROAD SUITE 200
AUSTIN, TEXAS 78746
        Defendant.

Serve Registered Agent:
C T Corporation System
1015 15th Street, N.W. Suite 1000
Washington, D.C. 20005

0002815-11

Civil No.:
Judge:

Calendar No.:

RECEIVED
Civil Clerk's Office
APR 1 1 2011
Superior Court
of the District of Columbia
Washington, D.C.

## VERIFIED COMPLAINT BY PLAINTIFF NORMAN MERO

COMES NOW the Plaintiff, Norman Mero, by through his counsel, Eugene I. Kane, Jr. and pleads the following in support of a claim of relief against the Defendant CITY SEGWAY TOURS OF WASHINGTON DC, LLC (i.e., CST) as allowed under D.C. Code Sec. 32-1535. Jurisdiction against CITY SEGWAY TOURS (DC Corporation) is based on it conducting business being in the District of Columbia and separately the location of the property (624 9th Street, N.W., Washington, D.C.) and



EXHIBIT A

where the injuries occurred to Plaintiff NORMAN MERO on May 21, 2010 at 200 Maryland Avenue SW, Washington, DC. Plaintiff has incurred and paid substantial bills for medical treatment for the injuries sustained directly from the incident. Treatment is ongoing in nature and painful. Plaintiff has incurred significant loss of wages and incurred adverse consequences to his future employability and future income. Finally, Plaintiff has sustained significant permanent injuries resulting in scarring and disfigurement. Plaintiff has experienced and continues to experience significant intolerable levels of pain and discomfort due to the injuries.

## Statement of Facts:

1. <u>Incident</u>. Plaintiff while visiting in the Washington DC area from Canada, chose to participate in a tour group using Segway machines. Plaintiff ascertained that the Defendant was advertising and providing tours on Segways in the District of Columbia. Defendant City Segway Tours of Washington, DC LLP is an entity licensed to do business in the District of Columbia. Defendant represents and holds itself out as a competent tour guide operator using Segways. Defendant CITY SEGWAY TOURS (Austin, Texas) licenses its franchise to the Defendant City Segway Tours of Washington, DC LLP. On May 21, 2010 after signing paperwork, Plaintiff received instructions on usage of the Segway which were given by Emma of CST to several persons including Plaintiff and Lucy Chamberlain (plaintiff companion). Said instructions lasted at most 10-15 minutes and were not the 30 minutes as represented. Defendant lead the tour group using Segways for approximately an 3 hours. As the tour group approached 200 Maryland Avenue SW, Washington, DC on May 21, 2010 at

16:28, the Tour Guide, Emma Krebs requested the group "buddy buddy" which was not previously done during the tour and not shown how to properly undertake such an arrangement during the training. No training on the manner in which to conduct oneself when in a "buddy buddy" arrangement was provided. No identification of the nature of the risks presented with using this arrangement. Plaintiff and another tour guide participant's Segways collided and the Plaintiff was thrown violently to the hot asphalt pavement. Witnesses to the incident were Lucy Chamberlain and Sarah Milot. City Segway Tours LLC did not provide any additional guide or assistance.

The incident and Plaintiff's injuries were reported to Karl C. Williams and Sgt Clifford L Green, United States Capitol Police, 119 D Street. NE Washington, D.C. 20510. Sgt Timothy A Bowen supervised the scene investigation. Plaintiff was found laying in the street by the U.S. Capitol Police. Capitol Police emergency medical personnel arrived on the scene followed by D.C. EMS personnel.

2. <u>Injuries</u> Plaintiff has sustained horrific and enormously painful injuries were compound fractures to his right arm. After being transported via ambulance to George Washington Hospital at 1652 hours on May 21, 2010, Plaintiff was treated at GW Hospital (multiple surgeries) and thereafter transferred for treatment by a number of medical care providers at INOVA (Dr Hymes). Primary treatment at INOVA was provided by Dr Malekzadeh Alireza (Orthopedics INOVA; overall 5 days). Subsequent treatment was by Dr Gregory S. Jasey (Orthopedics in Canada). Chuck Smith, Smith Physiotherapy (Windsor ON) has provided physical therapy. Plaintiff has sustained a number of complications due to the nature of the necessary treatment protocols. Plaintiff continues to need extensive treatment which is painful, limiting and expensive.

3.	<u>Damages</u>. Plaintiff has incurred over $100,000 in medical bills to date and treatment is ongoing. Plaintiff has lost substantial sums of wages from his employment. Mr. Mero has an inability to lift anything for at least a year following the incident, inability to help an elderly parent, inability to play sports, substantial stress emotionally and financially. In addition to the injuries and treatment necessary, Plaintiff has been adversely significantly impacted in terms of his employment, sleep, emotional well being, pain/suffering and earnings ability. Plaintiff's injuries are permanent in nature. Plaintiff seeks $1,000,000 in compensatory damages for the wrongs committed by the Defendants.

## JURISDICTION

The Court has personal jurisdiction of Defendants by virtue of D.C. Code provisions for a D.C. Corporation doing business regularly in both D.C. (D.C. 13-422 and 13-423) and elsewhere. District of Columbia negligence AND contract law applies. Separately, the statutory laws of the District of Columbia apply to this matter. This Complaint complies or substantially complies with D.C. Rule 64-II and Superior Court Rules 7 thru 11. Subject matter jurisdiction is vested in this Court by virtue of germane portions of the D.C. Code.

## **COUNT I - NEGLIGENCE**

Plaintiff incorporates the statement of facts outlined above and asserts that without any negligence on his part, he was injured by the negligence and gross negligence of the Defendants in the failure to provide proper training to the Plaintiff and others in the tour group on May 21, 2010. Plaintiff further alleges that the manner in which the tour was conducted was grossly negligent on the part of the defendants (to wit - decision to travel in tandem). As a result of the negligence of the Defendant, the Plaintiff sustained

proximately caused damages as outlined above in the amount of $1,000,000.

## COUNT II - BREACH OF CONTRACT

Plaintiff incorporates the statement of facts as outlined above and asserts based there upon that the Defendant(s) breached its contractual responsibilities owed to the Plaintiff. Plaintiff was owed a number of contractual based duties which were both express and implied. Under the District of Columbia laws, there is an imposed obligation of good faith in performance of every contract. D.C. Code 1981 Sec. 28:1-203. Potomac Plaza Terraces, Inc. v. QSC Products, Inc., 868 F. Supp. 346 (1994). Accordingly under the District of Columbia law there is recognized an implied covenant of good faith and fair dealing in every contract which prevents any party from evading the spirit of the contract, wilfully rendering imperfect performance or interfering with the other party's performance. Hoffman v Hill and Knowlton, Inc, 777 F.Supp. 1003(DDC 1991); Hais v Smith, 547 A.2d 986 (DC 1998). A written contract must be considered in light of the situation and relationship of the parties, the circumstances surrounding them at time of contract, and the nature and subject matter and apparent purpose of the contract. Larionoff v US, 365 F. Supp. 140, cause remanded, 533 F.2d 1167, 175 US App. DC 32, cert. granted 429 U.S. 997, 97 S.Ct. 522, 50 L.Ed.2d 607, affirmed 431 U.S. 864, 97 S.Ct. 2151, 53 L.Ed.2d 48 (D.D.C. 1973); see also, Simon Circle Associates, Inc., 753 A.2d 1006. Plaintiff was promised adequate and appropriate training by the Defendant. Defendant failed to provide adequate and appropriate training for the Plaintiff and the other participants in the group tour. Said failure to provide the training as promised both explicitly and implicitly contributed to the injuries sustained by the Plaintiff. Defendant failed to properly disclose known risks and accordingly failed to

provide adequate and appropriate training in both type and duration. Plaintiff understood from the contract and the representations that the Defendant would provide adequate staffing as appropriate. Plaintiff asserts that the Defendant(s) breached its contractual responsibilities for adequate staffing to the Plaintiff and other in the group. Plaintiff sustained injuries due to the Defendant's failure to provide adequate staffing in conducting the tours. Plaintiff sustained injuries from operating pursuant to contract with the Defendant an unreasonable safe product due to inadequate disclosure of risks and inadequate training and finally inadequate staffing. Said breaches of both express and implied contractual duties owed to the Plaintiff by the Defendant(s) resulted in substantial injuries and harm as outlined above.

## COUNT III - MISREPRESENTATIONS

Plaintiff incorporates the statement of facts outlined above and asserts based there upon that the Defendant committed a number of violations of D.C. Code Sec 28-3904 (Unlawful Trade Practices) which pertain to the misleading representations germane to the:

- A. Adequacy of the training
- B. Benefits of services alleged
- C. Failure to state a material fact which has a tendency to mislead
- D. Advertisement of services without the intent to sell them as advertised.
- E. Adequacy of staffing
- F. Safety of the Segway
- G. Disclosure of the latent risks of operation of a Segway

As a result of the violations of the DC unfair trade practices law, the Plaintiff sustained

serious and substantial harm and injuries as described.. See, Williams v First Government Mortgage and Investors Corp, 225 F.3d 738 (DC 2000); Dorn v McTigue, 157 Supp 37 (D.D.C. 2001); Osburne v Capital City Mortgage Corp, 727 A.2d 322 (1999). Plaintiff seeks $1,000,000 and costs and attorney fees as allowed.

## VERIFICATION BY PLAINTIFF

Plaintiff swears under penalties of perjury that the above information and allegations are true, correct and made with personal knowledge as a verified complaint.

_____
Plaintiff

RESPECTFULLY SUBMITTED

*Eugene I. Kane, Jr*
_____
Eugene I. Kane, Jr
Unified Bar No. 393218
Law Offices of Eugene I. Kane, Jr
6701 Democracy Blvd #300
Bethesda, Maryland 20817
301 963 6554

PLAINTIFF REQUESTS A JURY TRIAL



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_____KARIM MEMO_____
Plaintiff

0002815-11

vs.

_____CITY SEGWAY TOURS_____
_____SERO BET WYES JCD #200_____  Defendant
_____AUSTIN, TEXAS, 78746_____

Case Number _____

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_____EUGENE I. MAURICE_____
Name of Plaintiff's Attorney

_____6701 DEMOCRACY BLVD #500_____
Address
_____BETHESDA, MD 20817_____

_____301-963-6552_____
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Dê có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court

By _____
Deputy Clerk

Date _____

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc