UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN MERO<br><br>     Plaintiff<br><br>v.<br><br>CITY SEGWAY TOURS OF WASHINGTON DC, LLC<br><br>     Defendant | Civil Action No.:  1:11-CV-00817 ABJ |

### DEFENDANT CITY SEGWAY TOURS OF WASHINGTON, D.C., LLC'S MOTION FOR SUMMARY JUDGMENT

Defendant, City Segway Tours of Washington, D.C., LLC ("CST"), by and through its attorneys Gregg E. Viola and Eccleston and Wolf, P.C., pursuant to the Federal Rules of Civil Procedure hereby files this Motion for Summary Judgment and for reasons states as follows:

1. The instant case is premised upon Plaintiff's claim that he suffered injuries arising from a fall off of a Segway while on a tour through Washington D.C. with City Segway Tours. For the reasons set forth in greater detail in the attached Memorandum of Law, this Court must grant summary judgment on Plaintiff's remaining count for Negligence.

2. First, Plaintiff's claim is barred by an exculpatory clause in a Release and Indemnification Agreement that Plaintiff signed prior to going on the tour. Exculpatory clauses are generally enforceable under D.C. law so long as they are clear and unambiguous, they do not protect against gross negligence, there is not unequal bargaining power, and enforcement of the release is not against public policy. *Moore v.*

*Waller*, 930 A.2d 176 (D.C. 2007); *see also Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 802 n.18 (D.C. 2011).  In the instant case, the applicable exculpatory clause is clear, and none of the circumstances that void exculpatory clauses are present. As such, the exculpatory clause in the Release and Indemnification Agreement that Plaintiff signed precludes his claim.

      3.      Second, Plaintiff's claim fails because CST did not breach a duty owed to the Plaintiff.  Plaintiff does not have an expert with the necessary training and experience to offer an opinion that CST breached the standard of care, as required by Washington, D.C. law.  *Dyas v. U.S.*, 376 A.2d 827, 832 (D.C. 1977) (quoting McCORMICK ON EVIDENCE § 13 at 29-31) (emphasis in original); *District of Columbia v. Freeman* 477 A.2d 713, 719 (D.C. 1984) (quoting *Hughes v. District of Columbia*, 425 A.2d 1299, 1303 (D.C. 1980)).  Additionally, even if Plaintiff's expert is permitted to testify, there are no facts to support an opinion that CST breached the applicable standard of care.

      4.      Third, Plaintiff's claim is barred by his own contributory negligence.  Under Washington, D.C. law, contributory negligence is a complete bar to recovery.  *Massengale v. Pitts*, 737 A.2d 1029, 1031-32 (D.C. 1999).  It is undisputed that Plaintiff came into contact with the wheels of another Segway, and seconds later, he fell and injured himself.  Plaintiff was negligent in hitting the other Segway, which caused his injuries.  As such, his claim is barred by contributory negligence.

      5.      Finally, Plaintiff's claim is barred by the doctrine of assumption of risk.  Assumption of risk is also a complete bar to recovery under Washington, D.C. law.  *Washington Met. Area Transit Auth. v. Johnson*, 726 A.2d 172, 175 (D.C. 1999).  It is undisputed that Plaintiff was aware of the risk that he could fall off the Segway and

acknowledged such when he signed the Release and Indemnification agreement, prior to his tour.

WHEREFORE, Defendant City Segway Tours of Washington, D.C., LLC respectfully requests that this honorable Court grant summary judgment in its favor on Plaintiff's Negligence claim.

Respectfully Submitted,

/s/ *Gregg E. Viola*
Gregg E. Viola (D.C. Bar No. 992657)
Eccleston and Wolf, P.C.
7240 Parkway Drive, 4th Floor
Hanover, Maryland  21076
(410) 752-7474
(410) 752-0611 (FAX)
viola@ewmd.com
*Attorneys for Defendant, City Segway Tours of Washington, D.C., LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November 2012, a copy of the foregoing Defendant's Motion for Summary Judgment as to Count I (Negligence) was sent via the Court's electronic filing system to:

> Eugene I. Kane, Jr., Esquire
> Law Offices of Eugene I. Kane, Jr.
> 6701 Democracy Boulevard, #300
> Bethesda, Maryland  20817
> *Attorney for Plaintiff*

/s/ *Gregg E. Viola*
Gregg E. Viola
